## Eliza A. Meacham
### v.
## David H. Sunderland.

1. GOVERNMENTAL DIVISION OF LANDS—JUDICIAL NOTICE.—Upon an application to vacate a sale of real estate sold *en masse*, on the ground that the land was susceptible of division, this court will take notice, without other proof, that the west half of a quarter section according to government survey, is made up of two forty-acre tracts.

2. SALE EN MASSE—SETTING ASIDE.—Where land capable of division is sold *en masse*, it is an irregularity for which the owner is entitled to have the sale set aside, on equitable terms, upon a proper application therefor, made efore the time for redemption expires.

3. SETTING ASIDE SALE—MANNER OF PROCEEDING.—Where the plaintiff in the execution is the purchaser, and has not conveyed the land, the proper course to set aside the sale is by motion; but if he has conveyed, or the land was purchased by a third party, the course would be by bill in equity.

4. PRESUMPTION OF OWNERSHIP.—Where the record shows a purchase by the execution plaintiff, the presumption would be, until rebutted, that he had not conveyed his title.

5. ASSIGNMENT OF JUDGMENT—NOT A CONVEYANCE OF LAND.—A mere sale and assignment of the interest of the execution plaintiff in the judgment under which the land was sold to him, does not operate to convey his interest in the land purchased.

6. ASSIGNMENT OF JUDGMENT AFTER SALE.—An assignment of a judgment after an execution had been returned satisfied by sale of land, conveys only the contingent right of enforcing it by any lawful means in case the sale, return and certificate should be annulled. The right to receive redemption money, or a sheriff's deed, in case of a failure to redeem. still attaches to the legal ownership of the certificate of purchase, without regard to the judgment.

APPEAL from the Circuit Court of Stephenson county; the Hon. JOSEPH M. BAILEY, Judge, presiding. Opinion filed February 24, 1882.

Mr. LEONARD STOSKOFF, for appellant; contending that a demand for payment or satisfaction of the execution should have been made of the defendant before an officer could make a return "not found," cited Bingham v. Maxcey, 15 Ill. 290; Thomas v. Hebenshet, 68 Ill. 113; Flint v. Lewis, 61 Ill. 299.

Where land which could have been divided is sold *en masse*, the sale may be avoided: Osgood v. Blackmore, 59 Ill. 261; Kinney v. Knoebel, 51 Ill. 123.

The execution should be signed by the clerk: his name being printed therein is not sufficient; Rev. Stat. Chap. 37, § 44; Hernandez v. Drake, 81 Ill. 38.

The court will take judicial notice of the divisions of land by governmental surveys: Hill v. Bacon, 43 Ill. 478.

No more can be sold than shall be required to satisfy the execution: Phelps v. Conover, 25 Ill. 312; Ballance v. Loomis, 22 Ill. 82; Stewart v. Croes, 5 Gilm. 443; Day v. Graham, 1 Gilm. 441; Roberts v. Fleming, 53 Ill. 201; Hamilton v. Quinby, 46 Ill. 94; Waldo v. Williams, 2 Scam. 470.

The motion to set aside the sale may be made at any time prior to the expiration of time for redemption: Hay v. Baugh, 77 Ill. 503; Hay v. Cassell, 70 Ill. 672; Davis v. Dresback, 81 Ill. 393; Stokes v. Greenup, 18 Ill. 27; Morrer v. Robey, 73 Ill. 466.

PLEASANTS J. This was a motion by appellant to vacate a sale of real estate on execution, quash the return and cancel the certificate of purchase.

Upon a promissory note made by I. E. Thompson and appellant, payable to Hannah Sickafoose or bearer, appellee recovered a judgment by default against appellant for $72.05 and costs before a justice of the peace of Stephenson county, on which execution was issued and returned "no property found." A transcript of said judgment was then filed in the office of the clerk of circuit court and execution thereon issued to the sheriff of Ogle county, who by virtue thereof sold to ap-

pellee *en masse*, for $94, the W. 1-2 N. E. 1-4, Sec. 7, T. 25, N. R. 5 East, and gave him a certificate of purchase. These facts are shown by transcript, executions and returns put in evidence on the hearing and preserved in the bill of exceptions.

The affidavit of U. D. Meacham states further, that the land belonged to appellant, was worth $4,000, and susceptible of division; that during all the period covering these proceedings she was at her home in the city of Freeport; that neither of said executions was presented to her, nor was payment of the debt or judgment ever demanded of her, and also, upon information and belief, that appellee or Mrs. Sickafoose holds the certificate of purchase. Notice of the motion was served upon each of them shortly before the expiration of the time for redemption, from the proof of which we infer that they also resided in the city of Freeport, or, at farthest, in the county of Stephenson. This constituted appellant's case; in opposition to which appellee offered only his own affidavit, stating that "at the time of rendering of the judgment in said cause he was the legal and equitable owner" of the note and judgment, but afterwards, and before service of the notice of this motion, "for a good and valuable consideration sold his interest in said judgment to one Hannah Sickafoose, and that he has not now and had not at the time of said service any equitable interest whatever therein." Upon this showing the motion was denied, and defendant appealed. We can not doubt that the tract was susceptible of division. The affidavit in support of the motion positively so states, and the counter affidavit does not deny it. Without any proof, we would take notice that the west half of a quarter section, according to the government survey, is made up of two forties. Hill v. Bacon, 43 Ill. 478.

The sale of it *en masse* was therefore an irregularity for which the owner was entitled to have it set aside, on equitable terms, upon a proper application made before the time for redemption expired (Osgood v. Blackmore, 59 Ill. 268); and the only question is, what was a proper application? Upon this point the Supreme Court has said that where the plaintiff in the execution was the purchaser and has not conveyed, it

should be by motion ; but if he has conveyed, or a third party was the purchaser, then by bill in equity. Day v. Graham, 1 Gilm. 442; Graham v. Day, 4 Id. 389. Here the evidence conclusively showed that the plaintiff in the execution was the purchaser, and the presumption would be, until rebutted, that he had not conveyed, making a clear *prima facie* case for the remedy by motion.

Being unable to deny the facts, appellee attempted to overcome the presumption; not, however, by a direct statement to the contrary, but by an implication. By the general rule of construction in such cases, his affidavit would be taken most strongly against him, and there are several circumstances which seem to demand its strictest application. We assume, therefore, that he had done nothing which he claims to have been a conveyance of what he purchased at the execution sale, to wit, the land (though subject to the right of redemption) except simply to sell his interest in the judgment, and unless such a conveyance was necessarily effected by that act, the affidavit is insufficient. We are not prepared to hold, in view of our statute, that the mere assignment of a money judgment can operate in any case, at law or in equity, to convey an interest in real estate. Such a judgment is at most but a lien. But what appellee purchased, and must show he has conveyed, in order to defeat this motion, was something more and different. The judgment here was not even a lien upon the land in question, because it was rendered in another county. Besides, at the time of its alleged assignment, an execution upon it had been returned satisfied by the sale to appellee, and he held the certificate of purchase.

What right, then, would the ownership of it confer, except the contingent one of enforcing it by any lawful means, in case the sale, return and certificate should be annulled? Meanwhile it would stand satisfied, and appellee would be entitled to receive the redemption money, or upon failure to redeem, the sheriff's deed. This right appertained to the legal ownership of the certificate of purchase, without regard to the judgment, and hence the assignment of the judgment would not transfer it.

Even if the assignment could be held in equity to be, as between the parties, an agreement to assign the certificate or otherwise convey the land, still, not being an actual conveyance, this motion was the proper proceeding by which to set aside the sale. Its allowance can not impair the judgment in the hands of the assignee, but rather the contrary, by cancelling the evidence of its satisfaction, and so giving her what she would not otherwise have, the right to enforce it. For these reasons we think the judgment of the circuit court in denying the motion was erroneous. It will therefore be reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

Reversed and remanded.